JUSTICE NELSON
specially concurs.
I concur in our opinion. I write separately only because of my lingering concern that our decision will be misread as allowing an affirmative defense of voluntary intoxication in criminal cases. That is absolutely not so. This case is not about a defense. Rather, it deals with burden of proof and the fundamental obligation of the State to prove each element of a criminal charge — including the mental state element — beyond a reasonable doubt.
As a general proposition, the legislature may enact statutes that specify what defenses are and are not available to a charge of criminal conduct. In Montana, the legislature has, permissibly, determined that voluntary intoxication is not a defense to the commission of a crime and that, while voluntarily intoxicated, a person is still criminally responsible for his or her conduct. In other words, a defendant may not come before the jury and say: “I shot and killed Smith because (or while) I was drunk. You must, therefore, acquit me.” To that extent, the portion of § 45-2-203, MCA, which provides that “an intoxicated condition is not a defense to any offense” was and is constitutional. That portion of the statute is not at issue in this case.
On the other hand, as pointed out in our opinion, it is always the obligation of the State to prove beyond a reasonable doubt each and every element of the crime charged, including that the defendant acted with the requisite mental state. If, in a given case, the only way that the prosecution can prove the defendant’s mental state is by prohibiting the jury from considering the fact that the defendant was too intoxicated to form the requisite mental state, then the State effectively and impermissibly has been relieved of all or part of its burden to prove beyond a reasonable doubt an essential element of the crime charged. Under both the Montana and federal constitutions, the defendant must be allowed to come to the jury and, in effect, say: “I did not act purposely or knowingly; and the reason that I did *128 not, is because I was too drunk to act with either of those two mental states. If you, jury, conclude that to be true — and that is solely your call based on all the evidence — then you must also conclude that the prosecution has not proven an essential element of the crime charged beyond a reasonable doubt, and you must, therefore, acquit me.”
In short, the language "... and may not be taken into consideration in determining the existence of a mental state which is an element of the offense ...” (emphasis added) inserted in the 1987 and subsequent versions of § 45-2-203, MCA, effectively and impermissibly relieves or lessens the burden of the State to prove beyond a reasonable doubt an essential element of the offense charged — the mental state element — by statutorily precluding the jury from considering the very evidence that might convince them that the State had not proven that element.
It remains the burden of the State to prove beyond a reasonable doubt mental state despite the defendant being intoxicated. The statutory language at issue here eliminates or lessens that burden and is, therefore, constitutionally infirm.
Under § 45-2-203, MCA, and our decision here, a voluntarily intoxicated defendant remains criminally responsible for his conduct and his voluntarily intoxicated condition continues not to be a defense to any offense. However, the defendant’s intoxicated condition may be taken into consideration by the finder of fact in determining the existence of a mental state which is an element of the offense charged.
JUSTICE GRAY joins in the foregoing special concurrence.